UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

YAKIRA, LLC, ECKO.COMPLEX,
LLC d/b/a ECKO UNLTD., and MARC
ECKO ENTERPRISES ACCESSORIES,
LLC,

    *Plaintiffs,*

    vs.

BMZ LICENSING LLC d/b/a ELITE
MODELS' FASHION,
    8100 NW 29th Street
    Miami, FL 33122

FRANCE DECO TRADING, INC. d/b/a
MURVAL,
    8100 NW 29th Street
    Miami, FL 33122

JOHN DOE 1, and

JOHN DOE 2.

    *Defendants.*

JUDGE SPRIZZO

Case No.: 07 CIV 6993

COMPLAINT AND
JURY DEMAND

RECEIVED
AUG 03 2007
U.S.D.C. S.D. N.Y.
CASHIERS



Plaintiffs Yakira, LLC ("Yakira"), Ecko.Complex, LLC d/b/a Ecko Unltd. ("Ecko Unltd."), and Marc Ecko Enterprises Accessories, LLC ("MEE Accessories"), (collectively, "Plaintiffs") complain and allege against Defendants as follows:

### PARTIES AND JURISDICTION

1.     Each of Yakira, Ecko Unltd., and MEE Accessories are limited liability companies organized under the laws of New Jersey.

2.     On information and belief, BMZ Licensing LLC d/b/a Elite Models' Fashion ("BMZ") is a limited liability company organized under the laws of Florida with a business address of 8100 NW 29th Street, Miami, Florida 33122.

3.     On information and belief, BMZ has engaged in acts of infringement in this judicial district.

1

4. On information and belief, France Deco Trading, Inc. d/b/a Murval ("FDT") is a corporation organized under the laws of Florida with a business address of 8320 NW 14th Street, Miami, Florida 33126.

5. On information and belief, FDT has engaged in acts of infringement in this judicial district.

6. This is a civil action for trademark infringement and unfair competition under Title 15 of the U.S. Code, 15 U.S.C. § 1125; trademark dilution under the laws of New York; and trademark infringement and unfair competition under the common law. The amount in controversy exceeds seventy-five Thousand ($75,000.00) Dollars. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, § 1332(a)(2), § 1338(a) and (b), 15 U.S.C. § 1121 and principles of *supplemental* jurisdiction. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and § 1391(c).

## FACTS COMMON TO ALL COUNTS

7. Plaintiffs are engaged in the manufacture, distribution and sale in interstate and foreign commerce of high quality apparel merchandise and related accessories, including, without limitation, handbags and purses. This merchandise is sold throughout the United States. Yakira, as a trademark holding company, has granted an exclusive license for the use of its marks to Ecko Unltd. Ecko Unltd. has granted an exclusive sublicense for the use of such marks on handbags to MEE Accessories.

8. As early as 1999, Plaintiffs have used an "e" trademark to identify clothing. The mark appeared on the pockets of designer jeans and elsewhere and the products were eminently successful. The use of the "e" trademark on clothing and other of Plaintiffs' products has been continuous since at least as early as 1999.

9. In February 2005, Yakira filed an intent to use trademark application at the U.S. Patent and Trademark Office for the lower case letter "e" for "bags, namely, backpacks, book bags, school bags, shoulder bags, purses, tote bags, made of leather or non-leather materials; small leather goods, namely, wallets." That application was assigned Serial No. 78/564,532. At least as early as March 2006, Yakira, through Ecko Unltd. and MEE Accessories, began selling bags and wallets under its "e" mark and subsequently submitted evidence of such use to the United States Patent and Trademark Office ("PTO").

10. The PTO has approved Application Serial No. 78/564,532 for registration and, on information and belief, the registration certificate is due to issue on or about August 14, 2007. Yakira's rights in the "e" mark will, as provided by 15 U.S.C. § 1057 (c), provide Yakira with priority in the mark as of the filing date of the application for these particular goods. By the same statute, upon issuance of the registration, the rights of the applicant (Yakira) date from the filing date of the application. Moreover, the filing of the application provides constructive notice of Yakira's rights in the mark.

11. At least as early as March 2006, Plaintiffs began selling "e" branded bags and wallets which have sold through traditional brick and mortar retail stores and on-line retail stores. The Plaintiffs have displayed the "e" mark on the hardware and/or fabrics that comprise the purses and handbags. Representative examples of bags bearing Plaintiffs' "e" mark are attached hereto as Exhibit A.

12. Plaintiffs have devoted substantial resources to producing, promoting, selling and establishing goodwill in the "e" mark in connection with the sale of clothing, bags and wallets, all of which are related goods and typically sold by the same company. As a result, the "e" mark has become and is well known in connection with Plaintiffs' clothing, bags and wallets.

13.     Due to the uniformly excellent quality of goods bearing the "e" mark, the mark has acquired an excellent reputation among consumers and the public at large, which recognize the "e" mark as identifying products sold exclusively by Plaintiffs, causing the "e" mark to be an important asset of immeasurable and incalculable value to Plaintiffs.

14.     By virtue of Plaintiffs' substantial use of its "e" mark, its extensive sales, advertising and promotion, and the popularity of "e" branded bags and wallets, "e" has become very well known in the United States for bags and wallets produced by Plaintiffs.

## DEFENDANTS' INFRINGING ACTIVITY

15.     BMZ is a Florida limited liability company that does business under the name Elite Models' Fashion.  On information and belief, Defendant BMZ is in the business of offering and selling handbags and home accessory items.

16.     Defendant FDT is a Florida corporation that does business under the name Murval.  On information and belief, FDT operates as a wholesale merchant of home furnishings and under the Murval name advertises and sells accessory items such as hand bags and purses to retailers in the United States.

17.     On information and belief, BMZ and FDT are owned and operated by the same individuals and are related companies.

18.     Defendants have advertised handbags displaying a nearly identical "e" trademark on them and, on information and belief, Defendants have signed up to attend the "Accessories The Show" trade show to be held in New York City from August 5, 2007 to August 7, 2007, and a trade show in Las Vegas from August 27, 2007 to August 29, 2007. Defendants have signed up for those shows under the names Murval and Elite Models' Fashion.

19. On information and belief, at these shows, Defendants intend to exhibit and take orders for handbags with a lower case "e" mark identical or nearly identical to the lower case "e" mark that Plaintiffs use and for which Yakira has applied and will shortly obtain a federal registration. An advertisement showing an example of Defendants' handbag bearing the confusingly similar "e" mark is attached hereto as Exhibit B.

20. Defendants have had constructive notice of Yakira's rights in the "e" mark for the relevant goods which are the subject of this suit since the filing date of the Yakira application in February 2005.

21. Defendants' use of a lower case "e" on their handbags that is nearly identical to the lower case "e" owned and long used by Plaintiffs is likely to cause the customers and retailers of Plaintiffs' "e" branded products, including particularly handbags and purses, to be confused or to be mistaken or to be deceived that Defendants' products originate with Plaintiffs, have been approved or licensed by Plaintiffs, or are otherwise associated with Plaintiffs. Additionally, Defenadnts' use of the "e" mark is likely to cause consumers and retailers of Plaintiffs' "e" branded products to be confused, mistaken or deceived that the source of Defendants' "e" branded products are the source of Plaintiffs' products when, in truth and fact, the Defendants' products do not originate with Plaintiffs, have not been approved or licensed by Plaintiffs and are not in any manner associated with Plaintiffs.

22. Plaintiffs have no control over the quality of the Defendants' "e" branded products, and by adopting and using a mark nearly identical to Plaintiffs' soon to be federally registered trademark for the same goods as sold by Plaintiffs under the "e" mark, Defendants impair the value of the "e" mark, jeopardize the goodwill Plaintiffs have established in the "e" mark, and cause injury and damage to Plaintiffs.

## COUNT I.  FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

23. Plaintiffs hereby incorporate paragraphs 1 through 22 herein as if they were here more fully set forth.

24. This claim arises under the Trademark and Unfair Competition laws of the United States, §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

25. Defendants' adoption, use, advertising, distributing, and selling of "e" branded products that are the same as the products Plaintiffs offer under the nearly identical "e" mark is likely to deceive, and does and will deceive and cause the general purchasing public and/or retailers to mistakenly believe that Defendants' products originate with Plaintiffs, are authorized or licensed by Plaintiffs or that Defendant is associated with Plaintiffs, and/or that Defendants' products possess qualities of Plaintiffs' products, when there is no relationship, approval, authorization or license between Plaintiffs and Defendants relative to the "e" marked products sold by Defendants, and when the quality of Defendants' "e" branded products is not controlled by Plaintiffs.

26. Defendants' acts of adopting and using the "e" marks on products they advertise and sell and is likely to cause confusion, mistake or deception, all of which constitute trademark infringement and unfair competition in violation of 15 U.S.C. §1125(a).

27. By their acts of adopting, using, advertising, distributing and selling products bearing the "e" mark, Defendants have falsely designated the origin, quality and nature of their products and business and have falsely described and represented same, causing a likelihood of confusion and constituting trademark infringement and unfair competition in violation of 15 U.S.C. §1125(a).

28.     By reason of the aforesaid acts of Defendants, Plaintiffs have suffered serious irreparable damage within the meaning of 15 U.S.C. §1225(a) and will continue to cause Plaintiffs serious and irreparable damage for which there is no adequate remedy at law unless Defendants are enjoined immediately and permanently by this Court.

### COUNT II.   TRADEMARK DILUTION IN VIOLATION OF N.Y. GENERAL BUSINESS LAW § 360-1 AND SIMILAR LAWS IN OTHER STATES

29.     Plaintiffs hereby incorporate paragraphs 1 through 28 herein as if they were here more fully set forth.

30.     This claim arises under New York Gen. Bus. Law § 360-l.

31.     Defendants' acts of adopting, using, advertising and selling products bearing the "e" trademark, as described herein, constitute dilution of Plaintiffs' well-known and extremely popular trademark "e" by blurring the ability of the public to recognize the distinctive "e" trademark as unique and exclusively identifying Plaintiffs' products in violation of the New York Gen. Bus. Law § 360-l.

32.     The foregoing acts of defendant have injured, and will continue to injure unless enjoined, Plaintiffs' business reputation, and have diluted, and will continue to dilute unless enjoined, the distinctive qualities of Plaintiffs' trademarks in violation of (a) New York General Business Law § 360-l, and (b) similarly statutory and common laws of each and every state in which Defendants have engaged in such acts.

### COUNT III.   DECEPTIVE ACTS AND PRACTICES IN VIOLATION OF N.Y. GENERAL BUSINESS LAW §349 AND SIMILAR LAWS IN OTHER STATES

33.     Plaintiffs hereby incorporate paragraphs 1 through 32 herein as if they were here more fully set forth.

34.     The foregoing acts of Defendants constitute deceptive acts and practices in the conduct of a business, trade, and commerce in violation of (a) New York General Business Law § 349, and (b) similar statutory and common laws of each and every state in which Defendants have engaged in such acts.

### COUNT IV.   STATE AND COMMON LAW TRADEMARK INFRINGEMENT

35.     Plaintiffs hereby incorporate paragraphs 1 through 34 herein as if they were here more fully set forth.

36.     This claim for trademark infringement arises under the common law of New York.

37.     Plaintiffs adopted the "e" mark and advertised and sold products in New York bearing this mark long prior to Defendants' adoption and use of the "e" mark for its products.

38.     Notwithstanding Plaintiffs prior adoption, use and imminent federal registration for the "e" mark for handbags, Defendants adopted and began to use the "e" mark to identify its handbags in the State of New York and have confused the public into believing that there is a connection between, approval of or sponsorship of Defendants' products and business operations and Plaintiffs' accessory products and business, and such use is likely to continue to cause confusion among the relevant purchasing public in New York.

39.     On information and belief, the acts herein alleged will create a likelihood of confusion and appropriate and trade upon Plaintiffs' considerable goodwill and reputation in its "e" mark and will cause Plaintiffs serious and irreparable damage for which there is no adequate remedy at law unless Defendants are immediately and permanently enjoined by this court.

## COUNT V.    STATE AND COMMON LAW UNFAIR COMPETITION

40.     Plaintiffs hereby incorporate paragraphs 1 through 39 herein as if they were here more fully set forth.

41.     This claim for unfair competition arises under the common law of New York.

42.     The acts of Defendants in adopting, using, advertising and selling handbags bearing the "e" mark are likely to deceive and do and will deceive and cause the general purchasing public to accept and/or buy Defendants' "e" branded products in the mistaken belief that they are Plaintiffs' "e" brand products or that Defendants "e" brand products originate with Plaintiffs', and/or that Defendants' products possess qualities the same or similar to Plaintiffs' "e" brand products which Defendants' products do not possess, and/or that Plaintiffs have approved, sponsored, endorsed or is otherwise associated with Defendants' products, when in truth and fact Plaintiffs have not approved, sponsored or licensed Defendants' products and there is no association between Plaintiffs and Defendants related to the "e" marked products.

43.     By their acts of adopting, using, advertising and selling handbags bearing the "e" mark, Defendants have caused a likelihood of confusion, mistake or deception, all of which constitutes unfair competition under the common law.

44.     By their acts of adopting, using, advertising and selling handbags bearing the "e" mark, Defendants have falsely designated the origin, quality and nature of its products and business and have falsely described and represented same, causing a likelihood of confusion and constituting unfair competition in violation of the common law.

45.     By reason of the aforesaid acts of Defendants, Plaintiffs have suffered serious irreparable damage and will continue to cause Plaintiffs serious and irreparable damage for which there is no adequate remedy at law unless Defendants are enjoined by this Court.

**WHEREFORE**, Plaintiffs respectfully request that Judgment be entered against Defendants as follows:

A.  That Defendants, their officers, agents, servants, employees, licensors, licensees, attorneys, confederates and all other persons in active concert or participation with them who receive actual notice thereof, jointly and severally, be enjoined, at first preliminary and thereafter permanently,

   i.  From making any use of the trademark "e" or any marks or names confusingly similar thereto to identify any products or services, including, but not limited to, bags, handbags, accessories and related products;

   ii. From representing by any means whatsoever, directly or indirectly, that any products sold by defendant are associated with, sponsored by, and/or connected or affiliated with Plaintiffs or Plaintiffs' products or from otherwise taking any action likely to cause confusion, mistake, or deception on the party of purchasers or retailers as to the origin or sponsorship of Defendants' products, their quality, or their value;

   iii. From causing, engaging in, or permitting others to do any of the aforesaid acts;

B.  That Defendants be ordered to recall all products, advertisements and promotional materials which bear or display the "e" mark for bags, handbags, accessories and related products;

C.  That Defendants be ordered to publish corrective advertising and announcements to inform the public that there is no relationship between the "e" branded products of Plaintiffs and the products of the Defendants bearing an "e" logo and no relationship between Plaintiffs

and Defendants relative to the products of the parties, to correct any mistake or deception that has arisen from the use of the "e" logo by Defendants.

D. That Defendants be ordered to provide the Court and Plaintiffs with a list of all those who have purchased any goods or services bearing or mentioning the "e" mark;

E. That Defendants be ordered to make an accounting of all monies received from the sale of services or goods bearing the "e" mark, and be ordered to disgorge the profits from such sales to Plaintiffs as damages;

F. Directing that Defendant pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants wrongful acts complained of herein;

G. Directing that the aforesaid amounts be multiplied or otherwise enhanced as authorized by law;

H. Awarding Plaintiffs, on their state law claims, compensatory damages in an amount to be determined at trial;

I. Awarding Plaintiffs prejudgment interest according to the law;

J. That Defendants be ordered to pay Plaintiffs' attorneys fees and costs, in view of the exceptional nature of this action, pursuant to 15 U.S.C. §1117; and

K. Such other and further relief as the Court deems just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury.

Dated: New York, New York
       August 3, 2007

By: _____
PROSKAUER ROSE LLP
Brendan J. O'Rourke (BO-2351)
Dolores F. DiBella (DD-9637)
1585 Broadway
New York, NY 10036
(212) 969-3000
*Attorneys for Plaintiffs*